IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Juan Carlos Barragan, | ) | Case No. 0:21-0308-JD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Stevie Knight, Warden; Melissa Forsyth, Administrator, | ) ) | |
| Respondents. | ) ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Petitioner Juan Carlos Barragan ("Petitioner" or "Barragan"), a *pro se* federal prisoner in the custody of the Federal Bureau of Prisons ("BOP"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Stevie Knight, Warden; Melissa Forsyth, Camp Administrator (collectively "Respondents"), alleging that the BOP failed to apply his earned timed credits for recidivism reduction programs under the First Step Act. Specifically, Petitioner seeks a ruling from the Court ordering the BOP to award him 365 days of earned time credits. (DE 18, p. 2.)

Barragan was sentenced in 2006 in the United States District Court for the Western District of North Carolina to 352 months imprisonment for drug and firearm offenses; however, in 2016,

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

his sentence was reduced to 295 months. (DE 18, p. 2.) Currently, his projected release date, including good conduct time, is September 4, 2025.[2] Petitioner concedes that he has not completed the exhaustion process; and therefore, he admits that he has not exhausted his administrative remedies. (DE 18, p. 4.) To that end, Respondents have filed a Response to the Petition and Motion to Dismiss or for Summary Judgement (DE 12) due to Barragan's failure to exhaust his administrative remedies before filing his Petition. (DE 18, p. 3.) The Report recommends granting Respondents' Motion to Dismiss Barragan's Petition pursuant to Rule 12(b)(6), Fed. R. Civ. P.[3]

Although Petitioner has filed objections to the Report (DE 22), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir.

---

[2]     The Court takes judicial notice of Petitioner's release date as shown on the Federal Bureau of Prisons website https://www.bop.gov/ as of October 12, 2021.

[3]     The Report's dismissal is predicated on Petitioner's failure to exhaust his administrative remedies. However, Rule 12(b)(6) tests the sufficiency of the complaint not the merits of claims or defenses. See Republican Party of N. Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Therefore, this Court declines to rule on Respondents' affirmative defense on a Rule 12(b)(6) motion. However, since Respondents have raised an alternative ground for dismissal under Rule 56, Fed. R. Civ. P., the Court will consider the Respondents' affirmative defense under that standard of review and modifies the Report consistent therewith.

2

2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Petitioner's main objection is that there is no statutory exhaustion requirement, or in the alternative, he is not required to exhaust his administrative remedies because he would suffer irreparable harm. As to his alternative defense, Petitioner contends that he is or would be eligible for release if his 365 days of earned time credit were applied to his sentence, and thus if he pursues exhaustion of his administrative remedies, he would be incarcerated longer than required. (DE 22, p. 3.) Petitioner cites Nelson v Cox and a memo written to Attorney General Garland by Senators in support of this objection. Nelson v. Cox, No. 4:20-CV-04199-KES, 2021 WL 1221178, at *2 (D.S.D. Apr. 1, 2021) (holding Petitioner "has alleged facts to show that requiring him to exhaust his administrative remedies before coming into court would cause him irreparable harm because he is allegedly already entitled to be released from prison").

The Court is not persuaded by either argument and, therefore, overrules Petitioner's objections. First, as to Petitioner's statutory argument, the Magistrate comprehensively and in detail addressed this objection, and Petitioner has offered no legal support to refute the Report. Secondly, the Court finds Petitioner would not be irreparably harmed. In Nelson v Cox, the court found irreparable harm because if the petitioner was successful, he would have been incarcerated past his release date. However, in the present case, assuming *arguendo* Barragan's Petition is successful, he will still have to serve the remainder of his sentence as his current release date,

before 365 days of credit, is September 4, 2025. Accordingly, after a thorough review of the record in this case, the Court adopts the Report and Recommendation as modified herein and grants Respondents' Motion for Summary Judgment. See n. 3.

It is, therefore, **ORDERED** that the Respondents Response to Petition and Motion to Dismiss or for Summary Judgement (DE 12) is granted and hereby dismisses the Petition without prejudice. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
November 2, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.